UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

RUSSELL FIGUEROA,
and other similarly-situated individuals

    Plaintiff,

vs.

EXCEL CARGO SERVICES, INC.,

    Defendant.
_____/

## COMPLAINT

(OPT-IN PURSUANT TO 29 U.S.C § 216(B))

Plaintiff, and other similarly-situated individuals, by and through the undersigned counsel, hereby sues Defendant and alleges:

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement)("the Act") and 28 U.S.C. § 1367 for the non-federal question claims.

2. Plaintiff RUSSELL FIGUEROA (hereinafter "Plaintiff") is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant, EXCEL CARGO SERVICES, INC. (hereinafter "Defendant") is a Foreign Profit corporation having its main place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

## **COUNT I: WAGE AND HOUR FEDERAL STATUTORY VIOLATION**

4. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-3 above as if set out in full herein.

5. This action is brought by Plaintiff and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees ... for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

6. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Employer is and, at all times pertinent to this Complaint, was engaged in interstate commerce.

7. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

8. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

9. By reason of the foregoing, the Employer/Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly-situated was and/or is engaged in interstate commerce for Defendant. Defendant business activities involve those to which the Fair Labor Standards Act applies. The Defendant is a cargo company and, through its business activity, affects interstate commerce. The Plaintiff's work for the Defendant likewise affects interstate commerce. Plaintiff was employed by Defendant as a Warehouse Attendant for the Defendant's business.

10. While employed by Defendant, Plaintiff worked an average of sixty (60) hours per week without being compensated at the rate of not less than one and one half times the regular rate at which he was employed. Plaintiff was employed as a Warehouse Attendant, performing the same or similar duties as that of those other similarly-situated restaurant staff personnel who Plaintiff observed worked in excess of 40 hours per week without overtime compensation.

11. Plaintiff was paid approximately $20.91 an hour from throughout his tenure with Defendant, through a salary paid by Defendant wherein Defendant would pay Plaintiff a set salary of $1,672.90 in a bi-weekly check, but Plaintiff was not properly compensated for overtime wages for the hours that he worked in excess of 40 hours per week. Plaintiff

seeks to recover for unpaid overtime wages accumulated from August 7, 2009 through February 10, 2012, his termination date. Plaintiff is owed approximately $31.37 per hour of overtime for an average of approximately 131 weeks wherein Plaintiff worked approximately sixty (60) hours, totaling approximately $82,189.40 for an approximate total of 2,620 unpaid overtime wages. In addition, Plaintiff is owed $82,189.40 as liquidated damages for the failure to pay these overtime wages, plus all reasonable attorneys' fees and costs as provided by law.

12. Prior to the completion of discovery, Plaintiff's good faith estimate of unpaid wages is as follows:

a. <u>Total amount of alleged unpaid wages</u>:

$ 164,378.80 (liquidated)

b. <u>Calculation of such wages</u>:

$31.37 (OT rate per/hour) x 20 hours of overtime per week = $627.40 per week x 131 weeks = $82,189.40 in unpaid overtime wages plus liquidated damages of $82,189.40 plus all attorneys' fees and costs.

c. <u>Nature of wages (e.g. overtime or straight time)</u>:

This amount represents unpaid overtime wages and liquidated damages.

13. At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act. The additional persons who may become Plaintiffs in

this action are weekly-paid employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

14. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

15. Defendant willfully and intentionally refused to pay Plaintiff overtime wages and minimum wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

16. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

**WHEREFORE**, Plaintiff and those similarly-situated request that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly-situated and against the Defendant on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law; and

F. Plaintiff seeks a declaratory judgment against this Defendant pursuant to 28 U.S.C. Section 2201; and

G. Plaintiff demands a trial by jury.

## JURY DEMAND

Plaintiff and those similarly-situated demand trial by jury of all issues triable as of right by jury.

## COUNT II: BREACH OF CONTRACT FOR FAILURE TO PAY EARNED MONEY

17. Plaintiff re-alleges and incorporates paragraphs 1 through 16 of this Complaint as if fully set forth herein.

18. Throughout the employment with Defendant, Plaintiff was individually promised a specific amount of pay for work performed for Defendant pursuant to the oral agreement between the parties was to compensate Plaintiff for work performed based on the task completed or on an hourly basis.

19. To date, Plaintiff is owed unpaid wages based on this agreement.

20. Defendant breached the oral contract with Plaintiff and Plaintiff was damaged.

**WHEREFORE**, Plaintiff requests that this Court enter a judgment against Defendant for damages and for such other relief as is just and proper, and a trial by jury.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues so triable as of rights.

## COUNT III: UNJUST ENRICHMENT/QUANTUM MERUIT

21. Plaintiff re-alleges and incorporates paragraphs 1 through 20 of this Complaint as if fully set forth herein.

22. Throughout the employment with Defendant, Plaintiff individually performed work tasks for Defendant.

23. To date, Plaintiff is individually owed money in back wages for the work performed for Defendant during the employment.

24. Defendant breached the oral contract to pay Plaintiff for work performed and Defendant was unjustly enriched by Plaintiff and Plaintiff was individually damaged.

**WHEREFORE**, Plaintiff requests that this Court enter a judgment against Defendant for damages, prejudgment interest, attorneys' fees and costs, and for such other relief as is just and proper, and a trial by jury.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues so triable as of rights

## COUNT IV: PROMISORRY ESTOPEL

25. Plaintiff re-alleges and incorporates paragraphs 1 through 24 of this Complaint as if fully set forth herein.

26. Defendant made misrepresentations of material facts to Plaintiff individually in regards to promises made by Defendant to pay Plaintiff individually for his services, in accordance to the terms of the oral agreement.

27. Defendant's promises to Plaintiff were definite and substantial in nature.

28. Defendant should have reasonably expected to induce action or forbearance on the part of Plaintiff based on its promises/misrepresentations.

29. Plaintiff reasonably relied on Defendant's promises/misrepresentations to his detriment.

30. Defendant's promises/misrepresentations did in fact induce such action and forbearance by Plaintiff.

31. Enforcement of Defendant's promise to Plaintiff is necessary in order to avoid manifest injustice to Plaintiff.

**WHEREFORE**, Plaintiff individually demands judgment in its favor and against Defendant for compensatory damages, reliance damages, costs of this action and such other and further relief as this Honorable Court deems just.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues so triable as of rights.

Respectfully submitted,

**REMER & GEORGES-PIERRE, PLLC**
44 W. Flagler St., Ste. 2200
Miami, Florida 33120
Tel. (305) 416-5000
Fax: (305) 416-5005

By: _____
Jason S. Remer, Esq.
Florida Bar Number: 0165580